IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bennett K. Long, | C/A No. 3:13-2879-RMG-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| South Carolina Highway Patrol; Officer Jeremy Pickens; Officer Adam Warren, | |
| Defendants. | |

Plaintiff Bennett K. Long, a self-represented litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights by the defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 42.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Long was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 43.) Long filed a response in opposition to the defendants' motion (ECF No. 46) and the defendants filed a reply (ECF No. 48). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

## BACKGROUND

The following facts are either undisputed or taken in the light most favorable to Long. (See generally, Compl., ECF No. 1-3 at 3-4.) Long alleges that he attempted to avoid a driver's license

---

[1] Long was a state prisoner confined at Manning Correctional Institution at the time he filed the Complaint. (ECF No. 1-3 at 2.)



check on December 15, 2011, resulting in a traffic chase by the Highway Patrol. Long claims that Defendants Warren and Pickens, both officers with the Highway Patrol, used excessive force during Long's arrest by shooting into his vehicle multiple times. Long alleges that his vehicle was stopped at the time the shots were fired. When the shooting ended, Long states that he backed away and "took off again." Long alleges that one bullet shattered his left shoulder and another his left middle finger, requiring reconstructive surgery and leaving Long scarred and with limited mobility in those areas. Long alleges that patrol car videos, which were not produced, would have shown that Long was attempting to surrender when the gunshots were fired. Thus, Long asserts that the defendants conspired to conceal their actions. Long seeks formal criminal charges against the defendants, termination of the defendants' jobs, payment of all medical bills, and monetary damages. Long also seeks restoration of his driving privileges in South Carolina.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendants' Motion for Summary Judgment**

   **1.    Official Capacity Claims**

The defendants assert that Long's claims against them in their official capacities fail as a matter of law because the defendants are immune from suit under the Eleventh Amendment. (ECF No. 42-1 at 10-12.) Long's response in opposition to the defendant's motion does not dispute or address this ground for summary judgment. (ECF No. 46.) The Eleventh Amendment states that



"[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e).

As arms of the state, the defendants in this case are entitled to sovereign immunity and do not constitute "persons" under § 1983. See Will, 491 U.S. at 70-71. Accordingly, the court concludes that the defendants' motion for summary judgment should be granted as to Long's official capacity claims. Id.; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

    **2.    Individual Capacity Claims Against Defendants Pickens and Warren—Excessive Force**

        **a.    Collateral Attack on a Criminal Conviction**

The defendants argue that Long's excessive force claims are barred under the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held that a prisoner's



claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Id. at 486-87. The court notes that it "is possible for an excessive force claim to proceed without necessarily implying that an underlying criminal conviction arising out of the claimant's arrest was wrongful." Mallard v. Ali, C/A No. 2:11-492-PMD-BM, 2011 WL 4387690, at *2 (D.S.C. Aug. 3, 2011), adopted by 2011 WL 4386437 (D.S.C. Sept. 20, 2011). However, where "the struggle between Plaintiff and the Defendants continued throughout his arrest, and gave rise to both Plaintiff's convictions and his excessive force claim . . . . 'the two are inextricably intertwined.' " Id. (citation omitted). In such cases, the favorable termination requirement pronounced in Heck is triggered. See Heck, 512 U.S. at 486-87 n.6.

In support of their motion for summary judgment, the defendants provide state indictments which reflect that Long was indicted on several charges associated with his arrest on December 15, 2011, to include two counts of assault/assault and battery first degree for unlawfully injuring or attempting to injure Lance Corporal Travis Wilson and Corporal Josh Black. (ECF No. 42-3 at 2-3, 10-11.) Sentencing sheets provided by the defendants show that, on March 21, 2013, Long entered a guilty plea to those two offenses. (ECF No. 42-4 at 2-3.) The sentencing sheets reflect that Long was sentenced to fifty months' imprisonment for each offense to be served concurrently, with credit given for time served in pretrial detention since December 15, 2011. Thus, the defendants argue that Long's excessive force claim is so "inextricably intertwined" with his convictions that it is barred by the ruling in Heck. (ECF No. 42-1 at 9.) Long's response in opposition to the defendants' motion for summary judgment does not dispute this argument. (ECF No. 46.)



As the undisputed evidence shows that the defendants' alleged excessive use of force occurred during the arrest which resulted in Long's assault/assault and battery convictions, a finding by this court in Long's favor on the excessive force claim would necessarily implicate the validity of his state court convictions. Long has not alleged or presented evidence to show that he successfully challenged the convictions stemming from his December 2011 arrest.[2] Therefore, the court concludes that Long's excessive force claim is barred by Heck, and the defendants' motion for summary judgment should be granted as to that claim.

      **b.**      **Merits of the Claim**

The defendants further argue that, even if the court were to find Heck inapplicable under the facts of this case, Long fails to state a claim for excessive force. (ECF No. 42-1 at 12-15.) A claim that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other seizure of a person is properly analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. Graham v. Connor, 490 U.S. 386, 395 (1989); Yarborough v. Montgomery, 554 F. Supp. 2d 611, 617 (D.S.C. 2008). The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical application. Graham, 490 U.S. at 396-97; Yarborough, 554 F. Supp. 2d at 617. It requires the court to determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; Yarborough, 554

---

[2] The court notes that Long has now apparently been released from confinement. See Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) (holding that former prisoners are exempt from Heck's favorable termination requirement if, as a practical matter, they could not seek habeas relief). However, Long provides no facts to demonstrate that habeas relief was unavailable during his period of incarceration. See Bishop v. Cnty. of Macon, 484 F. App'x 753, 754-55 (4th Cir. 2012) (clarifying that the Wilson exception only applies where a plaintiff can show that circumstances beyond his control left him unable to pursue habeas relief).



F. Supp. 2d at 617.  The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the importance of the governmental interest alleged to justify the intrusion." Yarborough, 554 F. Supp. 2d at 617 (quoting Graham, 490 U.S. at 396).  The test recognizes that "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  Graham, 490 U.S. at 396; Yarborough, 554 F. Supp. 2d at 617.

Application of this standard "requires careful attention to the facts and circumstances of each particular case."  Graham, 490 U.S. at 396; Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003).  Some of the facts and circumstances to be considered include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, whether the suspect is actively resisting arrest or attempting to evade arrest by flight, and the extent of the suspect's injury from the force exerted.  See Jones, 325 F.3d at 527 (citing Graham, 490 U.S. at 396 and Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994)).  The court must determine whether the totality of the circumstances justifies a particular sort of seizure.  Jones 325 F.3d at 527-28 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)); see also Rowland, 41 F.3d at 173 (stating that courts must view the evidence "in full context, with an eye toward the proportionality of the force in light of all the circumstances").  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.

The defendants provide affidavit testimony from Defendants Pickens and Warren and Lance Corporal Travis Wilson in support of their motion for summary judgment. (ECF Nos. 42-2, 42-5, 42-6.)  The affidavits state that a vehicle being driven by Long attempted to avoid a license check



point on December 15, 2011. While pursuing Long, the three officers observed him traveling at a high rate of speed until the vehicle hit a fence and became stuck in a ditch. When Wilson attempted to approach Long's vehicle, it accelerated backwards, requiring Wilson to jump to avoid being hit. The officers indicate that Long's vehicle struck Wilson's cruiser repeatedly while maneuvering back onto the roadway where Long continued to evade apprehension. Later in the pursuit, Wilson forced Long's vehicle off the road. The affidavits state that Long again drove his vehicle directly toward Wilson when he exited his cruiser. Long fled the scene and the officers state that they observed Long driving recklessly while unlawfully passing another vehicle and turning off his headlights. Wilson forcibly stopped Long a second time; however, as the officers approached Long's vehicle, it moved forward toward Defendant Pickens who discharged five to six shots towards the vehicle. The officers state that Long's vehicle then quickly reversed direction and sped backwards towards Wilson and Defendant Warren, who also discharged five or six shots at the vehicle. Long drove away and the pursuit resumed for approximately three more miles until Wilson forced Long's vehicle into a ditch. Defendant Pickens gained access to Long by breaking a window and Long was removed from the vehicle and treated by emergency medical services. All affidavits state that the force used was necessary for the officers' safety and the safety of the general public.

   In his opposition to the defendants' motion for summary judgment, Long claims that the defendants' use of force was unreasonable because he was attempting to surrender when the shots were fired. (ECF No. 46 at 1-2.) However, the undisputed evidence shows that Long attempted to evade a license check, failed to stop for officers, and fled the scene after the shooting incident. By his own admission, Long was attempting to resist arrest during the incident. Further, claims by Long that he did not try to injure anyone during the arrest are precluded by his entry of a guilty plea to two



counts of assault/assault and battery for actions taken against officers on December 15, 2011.  See United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987) (finding that "a defendant is precluded from retrying issues necessary to his plea agreement in a later civil suit").  Long does not dispute the defendants' assertion that he led them on a high speed pursuit and posed a threat to the general public by driving his vehicle in a reckless manner.  Thus, on this record, no reasonable jury could find that the defendants' actions were not objectively reasonable in light of the totality of the circumstances.  See Plumhoff v. Rickard, 134 S. Ct. 2012, 2021-22 (2014) (finding that officers acted reasonably in using deadly force to end high speed car chase that posed a risk to public safety); Jones, 325 F.3d at 527-28.  Accordingly, the court concludes that the defendants' motion for summary judgment should be granted as to Long's excessive force claim.

    **3.**    **Conspiracy**

The defendants argue that Long's claims of a conspiracy fail because they are conclusory allegations that fail to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  (ECF No. 42-1 at 15-20.)  Long's response in opposition to the defendants' motion for summary judgment does not dispute this argument.  (ECF No. 46.)  Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim, see Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.  Further, for Long to establish a conspiracy under § 1983, he must present evidence that the defendants acted jointly in concert and



that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996).

In this case, Long's conspiracy allegations are based on alleged police car videos which supposedly fail to match sworn statements of the officers, and on two police car videos which Long claims were not produced by the defendants. However, Long provides no factual allegations to demonstrate that the defendants "positively or tacitly came to a mutual understanding to try to accomplish a common unlawful plan." Hinkle, 81 F.3d at 421. As Long's conclusory allegations of a conspiracy are factually unsupported, the defendants' motion for summary judgment should be granted as to the conspiracy claims. See Iqbal, 556 U.S. at 677-78.

4.     **State Law Claims**

To the extent that Long's Complaint is construed to allege state law claims against the defendants, the South Carolina Tort Claims Act ("SCTCA") is the exclusive remedy for individuals suing government employees acting within the scope of their employment. See S.C. Code Ann. § 15-78-70(a); see also S.C. Code Ann. § 15-78-20(b) (partially waiving sovereign immunity and providing for "liability on the part of the State, its political subdivisions, and employees, while acting within the scope of official duty").[3] However, in the SCTCA, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state. S.C. Code. Ann. § 15-78-20(e); see also Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court). Therefore, Long cannot bring a claim pursuant to the SCTCA in federal court.

---

[3] The defendants correctly argue that any attempt by Long to seek relief for an intentional infliction of emotional distress must be dismissed as a matter of law because such a claim is specifically excluded by the SCTCA. See S.C. Code Ann. § 15-78-30(f).



As such, the court finds that the defendants' motion for summary judgment should be granted as to any state law claims Long may be asserting.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion (ECF No. 42) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 17, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).