IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bennett K. Long, | ) |
| | ) No. 3:13-cv-2879-RMG |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| South Carolina Highway Patrol; Officer | ) |
| Jeremy Pickens; Officer Adam Warren, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), (Dkt. No. 50), recommending that Defendants' Motion for Summary Judgment, (Dkt. No. 42), be GRANTED. For the reasons stated below, the Court ADOPTS the R & R as modified and GRANTS Defendants' motion.

### I. Facts

On December 15, 2011, Defendant Pickens, Defendant Warren, Lance Corporal Wilson ("Wilson"), and Corporal J.S. Black ("Black") were operating a license check in Anderson County. (Dkt. No. 42-2 at ¶ 4). Plaintiff attempted to avoid this driver's license check, which resulted in a traffic chase by the Highway Patrol. (Dkt. No. 1-3 at 4-5). All four officers joined in the pursuit of Plaintiff's vehicle. (Dkt. No. 42-5 at ¶ 6).

At some point during the pursuit, Plaintiff's vehicle went into a ditch. (Dkt. No. 42-2 at ¶ 7; Dkt. No. 42-6 at ¶ 6). Wilson exited his cruiser and verbally ordered Plaintiff to exit his vehicle and show his hands. (Dkt. No. 42-6 at ¶ 6). When Wilson reached the front of his cruiser, Plaintiff's vehicle quickly accelerated backwards, and Wilson had to jump out of the way

1

to avoid being hit. (*Id.*; Dkt. No. 42-2 at ¶ 7). Plaintiff's vehicle struck Wilson's cruiser. (Dkt. No. 42-6 at ¶ 7; Dkt. No. 42-5 at ¶ 8). Plaintiff was then able to maneuver his vehicle out of the ditch and back onto the road, and the pursuit continued.[1] (Dkt. No. 42-2 at ¶ 7; Dkt. No. 42-5 at ¶ 8; Dkt. No. 42-6 at ¶¶ 7-8).

Later in the pursuit, Wilson struck Plaintiff's vehicle with his cruiser and forced Plaintiff's vehicle off the road. (Dkt. No. 42-6 at ¶ 8; Dkt. No. 42-5 at ¶ 9). When Wilson attempted to exit his vehicle, Plaintiff drove his vehicle toward Wilson, which again caused him to quickly move out of the way. (Dkt. No. 42-6 at ¶ 8; Dkt. No. 42-5 at ¶ 9). Plaintiff then returned to the roadway, and the pursuit continued.[2] (Dkt. No. 42-6 at ¶ 8; Dkt. No. 42-5 at ¶ 9). Because Plaintiff was driving recklessly, Wilson's supervisor gave him permission to forcibly stop Plaintiff's vehicle when it was safe to do so. (Dkt. No. 42-6 at ¶ 9). Wilson forced Plaintiff off the right side of the road again. (*Id.* at ¶ 10). The officers exited their cruisers and approached Plaintiff's vehicle. (Dkt. No. 42-2 at ¶ 10).

At this point, Plaintiff's account of the incident, and the officers' accounts diverge.[3] The officers testify that Plaintiff refused verbal orders to exit his vehicle and show his hands, locked

---

[1] The events while Plaintiff's vehicle were in a ditch are not included in Plaintiff's narrative; his verified Complaint only includes factual allegations concerning the circumstances at the time that Defendants fired shots. (*See* Dkt. No. 1-3). However, Plaintiff does not dispute these events in any way in his briefing. (*See* Dkt. Nos. 46, 53).

[2] Again, Plaintiff does not include these events in his narrative but does not dispute them. (*See* Dkt. Nos. 1-3, 46, 53).

[3] Plaintiff claims that he can prove his claims by videos from the cruisers; however, despite receiving two such videos in discovery, he has failed to provide them to the Court in support of his claim. (Dkt. No. 53 at 2). Defendants have also not submitted these videos as evidence. Thus, the only evidence before the Court for it to consider is the testimony of Plaintiff and the officers.

2

his doors to deny the officers access to his vehicle, pressed the accelerator driving his vehicle toward Defendant Pickens, and then quickly accelerated backwards towards Wilson and Defendant Warren. (Dkt. No. 42-2 at ¶¶ 10-11; Dkt. No. 42-5 at ¶¶ 11-12; Dkt. No. 42-6 at ¶¶ 10-13). At this point, Defendants Warren and Pickens fired their weapons at Plaintiff. (Dkt. No. 42-2 at ¶ 12; Dkt. No. 42-5 at ¶ 13; Dkt. No. 42-6 at ¶ 13). Plaintiff testifies that his vehicle was stopped, that the vehicle was in park with the ignition off, that he raised his hands, and that then, at that point, the officers began shooting at him. (Dkt. No. 1-3 at 3). Plaintiff testifies that "when the shooting stopped, I cranked the vehicle and slowly backed away and then turned around and took off again."[4] (*Id.*).

Plaintiff fled for two or three miles before Wilson forcibly stopped Plaintiff's vehicle again. (Dkt. No. 42-2 at ¶ 13). Plaintiff refused to follow the officers' verbal commands, and Defendant Pickens used his ASP baton to break the driver's side window. (Dkt. No. 42-2 at ¶ 14; Dkt. No. 42-6 at ¶ 16). Plaintiff physically resisted and had to be removed from his vehicle by his legs. (Dkt. No. 42-2 at at ¶ 15; Dkt. No. 42-5 at ¶ 16; Dkt. No. 42-6 at ¶¶ 18-19). Plaintiff was handcuffed and then treated by Emergency Medical Services. (Dkt. No. 42-6 at ¶¶ 19-20; Dkt. No. 42-5 at ¶ 17).

Plaintiff was charged with (1) Assault/Assault & Battery 1st Degree for attempting to injure Wilson on December 15, 2011, "with the present ability to do so and the battery is accomplished by mean[s] likely to produce death or great bodily injury," (2) Assault/Assault & Battery 1st Degree for attempting to injure Defendant Warren on December 15, 2011, "with the

---

[4] Plaintiff's narrative ends here. The remainder of the facts are from the testimony of the officers, and Plaintiff has not disputed them.

present ability to do so and the battery is accomplished by mean[s] likely to produce death or great bodily injury," (3) Assault/Assault & Battery 1st Degree for attempting to injure Corporal Black on December 15, 2011, "with the present ability to do so and the battery is accomplished by mean[s] likely to produce death or great bodily injury," (4) Attempted Murder for attempting to kill Defendant Pickens on December 15, 2011, by attempting to run over him with his truck, and (5) resisting arrest on December 15, 2011. (Dkt. No. 42-3). On March 21, 2013, Plaintiff pled guilty to two counts of 1st Degree Assault and Battery. (Dkt. No. 42-4).

### III. Legal Standard

#### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting

4

the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**B. Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

### III. Discussion

**A. Claims against Defendants in their Official Capacities**

The Magistrate Judge found that any claims against the Defendants in their official capacities are barred by the Eleventh Amendment. (Dkt. No. 50 at 3-4). No party objected to this finding, and the Court agrees. Therefore, any such claims are dismissed with prejudice.

**B. Conspiracy Claim**

The Magistrate Judge found that Plaintiff had failed to put forward any evidence of a conspiracy and, thus, recommended granting summary judgment on this claim. (Dkt. No. 50 at

5

9-10). In his objections, Plaintiff states that Defendants "did conspire with each other and the Solicitors Office to withhold evidence (Tapes or Videos) because there were 4 cars involved in the chase but they only produced 2 videos." (Dkt. No. 53 at 2). The Court agrees with the Magistrate Judge that Plaintiff has not provided any evidence of such a conspiracy, only a conclusory claim. This is not enough to survive summary judgment.[5] *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) ("[T]he nonmoving party must rely on more than conclusory allegations, mere speculation. . .").

### C. Excessive Force Claims against Defendants

The Magistrate Judge recommended granting summary judgment as to Plaintiff's excessive force claims both because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and because no reasonable jury could find that the defendants' actions were not objectively reasonable in light of the totality of the circumstances. (Dkt. No. 50 at 4-9). The Court agrees that Plaintiff's excessive force claims are barred by *Heck*. However, the Court declines to reach the merits of Plaintiff's claims and modifies the R & R to exclude the analysis of the merits of Plaintiff's claim.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a Section 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486-87. The Court agrees with the Magistrate Judge that, "[w]hile it is possible for an excessive force claim to proceed without necessarily implying that an underlying criminal conviction arising out of the claimant's

---

[5] The Court also notes that Plaintiff never asked the Court to compel Defendants to produce videos in addition to the two videos he received.

arrest was wrongful," in this instance if Plaintiff were successful on his excessive force claim, it would necessarily imply the invalidity of at least one of Plaintiff's assault convictions. *Mallard v. Ali*, No. 2:11–0492, 2011 WL 4387690 at *2 (D.S.C. Aug. 3, 2011), *adopted by* 2011 WL 4386437 (D.S.C. Sept. 20, 2011).

As to the assault against Wilson, the indictment does not state whether the incident at issue was Plaintiff driving his car toward Wilson at the time shots were fired or at one of the earlier times that Plaintiff's vehicle was stopped. However, the only alleged attempted assault by Plaintiff of the other officers was at the time that Defendants fired shots. "Where [an] officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape." *See Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985).

Thus, Plaintiff's excessive force claims cannot succeed if Plaintiff was attempting to assault an officer "by mean[s] likely to produce death or great bodily injury," as charged in the indictment and pled to by Plaintiff. Because a judgment in favor of Plaintiff would necessarily imply the invalidity of this 1st Degree Assault conviction, *Heck* requires dismissal. This dismissal is "without prejudice to [Plaintiff's] right to refile if his conviction is invalidated or called into question by the appropriate court." *Poston v. Conrad*, 580 F. App'x 180 (4th Cir. 2014).

In his objections, Plaintiff states that he thought he was pleading guilty to felony resisting arrest, not assault and battery, and that he only found out later he had pled guilty to assault and battery. (Dkt. No. 53 at 1). This is an argument that Plaintiff may raise in a proceeding to overturn his assault conviction. However, it does not bar the operation of *Heck* in this proceeding.

**D. State Law Claims**

Having dismissed all of Plaintiff's federal claims, the Court declines jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c). The Court agrees with the Magistrate that such claims must be brought in state court. These claims are dismissed without prejudice.

## IV. Conclusion

The Court adopts the R & R, modified to exclude Section 2.b. on pages 6-9. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 42) is **GRANTED**. Plaintiff's claims against Defendants in their official capacities and Plaintiff's conspiracy claim are **DISMISSED WITH PREJUDICE**. Plaintiff's excessive force claims are **DISMISSED** without prejudice to Plaintiff's right to refile if his conviction is invalidated or called into question by the appropriate court. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

December _11_, 2014
Charleston, South Carolina

8